1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JOEL JUDULANG,

                            Petitioner,

      vs.

MICHAEL CHERTOFF, ALBERTO
GONZALES, ROBIN F. BAKER, and
GABRIELA PACHECO,

                         Respondents.

CASE NO. 07CV1414

**ORDER GRANTING IN PART
PETITION FOR WRIT OF
HABEAS CORPUS**

     Presently before the Court is petitioner Joel Judulang's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  For the following reasons, the Court grants the petition in part and orders respondents to provide petitioner with a bail hearing.

BACKGROUND

**Factual Background**

     The parties agree as to the relevant facts.  Petitioner, born in the Phillipines, has been a lawful permanent resident of the United States since July 4, 1974.  On October 11, 1989, petitioner was convicted of voluntary manslaughter in California state court and sentenced to a six-year suspended sentence.  (Respondents' Opposition, Ex. B.)  On June 12, 2003, petitioner was convicted of grand theft in California state court and sentenced to two years and eight months in prison.  (Id. Ex. C.)

     On July 7, 2005, petitioner was taken into custody by Respondents due to the initiation of

07CV1414

removal proceedings.   He was charged with deportability pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) and (iii) which allow the deportation of an alien convicted of an aggravated felony and the deportation of an alien convicted of two or more crimes involving moral turpitude.  Two and a half years later, petitioner remains in custody at the Immigrations and Customs Enforcement ("ICE") El Centro Detention Center.  On September 28, 2005, an immigration judge ordered petitioner removed. (Opp. Ex. E.)  Petitioner appealed to the Board of Immigration Appeals ("BIA"), which denied his appeal on February 3, 2006.  (Opp. Ex. F.)

Petitioner filed a petition for review of the BIA's decision in the Ninth Circuit Court of Appeals on February 24, 2006.  (Opp. Ex. G.)  His petition for review contests his removability on several grounds.  Petitioner concurrently filed a motion for stay of removal, which Respondents did not oppose, and the court granted on July 7, 2006.  (Id.)  Petitioner filed his opening brief on October 23, 2006, and Respondents filed an opposition on December 7, 2006.  (Id.)  The Ninth Circuit heard oral argument on June 4, 2007.  (Id.)  The Ninth Circuit then stayed petitioner's case pending the outcome of another case addressing the same issue raised by petitioner, Abebe v. Gonzales.  In a published opinion in Abebe, 493 F.3d 1092, 1099 (9th Cir. 2007), the court rejected a detainee's argument under Section 212(c) of the Immigration and Naturalization Act which was identical to one of petitioner's claims in his appeal.  The Ninth Circuit has since withdrawn its opinion pending rehearing of Abebe en banc (Petitioner's Notice, Doc. No. 9).  The court cited Abebe in denying petitioner's appeal as to his Section 212(c) argument (id. at 5), and petitioner argues the court is likely to rehear his case after rehearing Abebe (Doc. No. 11).

According to the documents attached to respondents' opposition in this case, petitioner's continued detention has been reviewed twice during the pendency of his Ninth Circuit appeal.  On June 6, 2006, petitioner was informed of ICE's decision to continue to detain him due to his failure "to demonstrate" he "will not pose a flight risk."  (Opp. Ex. I.)  On June 5, 2007, petitioner was informed of the ICE's decision to continue detention by a letter explaining he is "an extreme threat to the community" and thus will remain in ICE custody pending removal from the United States. (Opp. Ex. H.)

**Procedural Background**

After the instant petition was filed on August 2, 2007, the Court granted petitioner's accompanying motions to proceed *in forma pauperis* and motion for appointment of counsel. (Docs. No. 1-4).   Respondents filed a return in opposition on September 17, 2007.  (Doc. No. 8.) On October 1, 2007, respondents filed a notice of the Ninth Circuit's denial of petitioner's appeal. (Doc. No. 9.)  On October 9, 2007, petitioner filed a traverse.  (Doc. No. 10.)  On January 28, 2008, petitioner filed a notice of the Ninth Circuit's decision to rehear <u>Abebe</u> <u>en banc</u>. (Doc. No. 11.)

DISCUSSION

**Jurisdiction**

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the Attorney General's authority" to detain a removable alien under the statutes authorizing detention. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687-89 (2001); <u>see also</u> <u>Denmore v. Kim</u>, 538 U.S. 510, 516-17 (2003).  Where, as here, an administrative order of removal is not final, "habeas corpus jurisdiction remains in the district court."  <u>Nadarajah v. Gonzales</u>, 443 F.3d 1069, 1075-76 (9th Cir. 2006); <u>see also</u> 8 U.S.C. § 1231(a)(1) (describing how a removal order becomes final).

**Petitioner's Claim**

As an initial matter, the Court considers the statutory authorization for petitioner's detention pending the outcome of his Ninth Circuit appeal.  Respondents contend petitioner is being detained pursuant to the discretionary authority of 8 U.S.C. § 1226(a)(1) rather than the mandatory provision of Section 1226(c).  Section 1226(a) permits the arrest and detention of an alien "pending a decision on whether the alien is to be removed from the United States."  Section 1226(c) sets out specific cases in which that detention is mandatory, for example, when the alien has committed certain classes of criminal offenses.  Respondents contend Section 1226(c) only applies during administrative removal proceedings, while Section 1226(a) continues to apply after the end of the administrative process and through judicial review.  No such temporal distinction is

made in the statute.[1]  The court rejects the argument petitioner's detention, previously mandatory under Section 1226(c), is now discretionary under Section 1226(a).[2]  Moreover, the distinctions between Sections 1226(a) and (c) are not relevant in assessing the reasonableness of prolonged detention under either provision.  Discretionary detention, like mandatory detention, must comply with due process of law.  Nadarajah v. Gonzales, 443 F.3d 1069, 1076, 1079-80 (9th Cir. 2006) (assessing reasonableness of discretionary detention under another statutory provision).[3]

The Supreme Court and the Ninth Circuit have previously assessed the reasonableness of detention under Section 1226(c) pending a final order of removal.  In Demore v. Kim, the Supreme Court held aliens may be detained under Section 1226(c) "for the brief period necessary for their removal proceedings."  538 U.S. 510, 513 (2003).  In that case, detainee Hyung Joon Kim conceded deportability and was held for approximately six months during his administrative proceedings.  Kim argued he could not be detained without the government establishing, at an individualized bond hearing, that he was a flight risk or a danger to the community.  The Court rejected his argument.  First, the Court distinguished an earlier case in which it held aliens could not be detained indefinitely after being ordered removed.  Zadvydas v. Davis, 533 U.S. 678 (2001).  In distinguishing Zadvydas, the Court noted an alien's detention during removal proceedings serves government interests which are not furthered by the continued detention of individuals who, while ordered removed, have no prospect of future removal.  Kim, 538 U.S. at 527-28.  The Court also emphasized detention during removal proceedings is "of a much shorter duration" than the "indefinite" and "potentially permanent" detention at issue in Zadvydas.  Id. at

---

[1]Respondents support their argument by citing the regulations, which specify "no alien described in section 236(c)(1) of the Act may be released from custody during removal proceedings." 8 C.F.R. § 1236.1(c)(1)(i).  Respondents then argue "removal proceedings" only encompasses administrative proceedings, citing Demore v. Kim, 538 U.S. 510, 513, 517-18, 527-28 (2003).  While the Court in that case only considered administrative proceedings, those were the only proceedings the petitioner had undergone.  Moreover, the Court never stated removal proceedings only included those before the administrative agency, nor did it interpret the statute or the regulations containing such a limitation.  Respondents have cited no authority stating Section 1226(c) only applies during administrative proceedings.

[2]In a factually analogous case in which an alien was detained pending judicial review of the BIA's decision, Tijani v. Willis, the Ninth Circuit evaluated the detention under Section 1226(c).  430 F.3d 1241, 1242 & 1246 (9th Cir. 2005).  Judge William Q. Hayes rejected respondents' argument in an unpublished decision in Mustanich v. Gonzales, No. 07cv1100 WQH, 2007 WL 2819732 at *5 (S.D. Cal. Sept. 26, 2007).

[3]Accordingly, while the Court evaluates petitioner's detention in light of the decisions interpreting Section 1226(c), the Court would do the same if Section 1226(a) applied.

528.  Reviewing statistics from the Executive Office for Immigration Review, the Court concluded

removal proceedings "last an average time of 47 days and a median of 30 days." Id. at 529.

Appeals to the BIA, taken by about 15% of aliens, take "an average of four months." Id.  The

Court found Kim's detention for six months was reasonable despite being slightly longer than

average.  Id.

     However, the Ninth Circuit has since held prolonged detention during removal proceedings

is not permissible under section 1226(c).  Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005).

The court distinguished Kim because the petitioner, Monsuru Tijani, had not conceded

deportability.  Id.  In a brief opinion, the court stated in part:

> As of today's date, Tijani has been deprived of his liberty by the government for a
> period of over two years and eight months.  This deprivation has been inflicted not
> as the result of any adjudication of crime but as a bureaucratic application of the
> authority conferred on the Attorney General by 8 U.S.C. § 1226(c).  Despite the
> substantial powers that Congress may exercise in regard to aliens, it is
> constitutionally doubtful that Congress may authorize imprisonment of this
> duration for lawfully admitted resident aliens who are subject to removal. . . . .
> Two years and eight months of process is not expeditious; and the foreseeable
> process in this court, where the government's brief in Tijani's appeal of the removal
> was only filed last month after two extensions of time, is a year or more.

Id.

     Petitioner argues, and the court agrees, Tijani mandates a bail hearing in petitioner's case.

Respondents argue Tijani does not apply because petitioner's detention became "voluntary" when

he chose to appeal to the Ninth Circuit.[4]  Some district courts have limited Tijani's application to

cases in which the unreasonably long detention occurred primarily during administrative

proceedings, rather than during an appeal by the detainee to the Ninth Circuit.[5]  But as other

---

[4]Respondents rely on an unpublished decision in Cruz-Ortiz v. Gonzales, 221 F. App'x 531 (9th Cir. 2007).  In that case, the court found the district court lacked jurisdiction.  Without citation to Tijani, the court then stated "[i]n any event, appellant is being voluntarily detained–upon his requested stay of removal–pending appeal of his final removal order."  Id.  The brief, unpublished decision does not explain the facts of the case, the statutory basis for detention, or whether the petitioner contested removability.  Moreover, Tijani had appealed to the Ninth Circuit and the court did not hold in that published decision his detention had thus become "voluntary."  Tijani, 430 F.3d at 1242.

[5]See, e.g., Raghunath v. Crawford, No. CV 07-0282 PHX-FJM, 2007 WL 4285387 at *3 (D. Ariz. Dec. 03, 2007) (holding Tijani did not apply where prolonged detention was due to petitioner's Ninth Circuit appeal); Mboussi-Ona v. Crawford, No. CV 06-2897 PHX-NVW, 2007 WL 3026946 at *5 (D. Ariz. Sept. 27, 2007) (finding "normal judicial appeal time" does not count toward unreasonableness of detention); see also Bernal v. Chertoff, No. 06cv2184 JAH at 4 (attached as Exhibit K to Respondent's Opposition) ("[Petitioner] is awaiting his pending judicial appeal–an appeal that he has chosen to pursue in the United States.  Because it was Petitioner's own doing that he is still in detention here, there is no

1    district courts have noted,[6] <u>Tijani</u> expressly considered the length of detention attributable to

2    judicial review in concluding the detention had been unreasonably long.  430 F.3d at 1242.  By

3    ordering a bail hearing for Tijani after the end of his administrative proceedings and while he was

4    seeking Ninth Circuit review of his removal order, the court implicitly rejected the view his

5    detention had become "voluntary."  The court's result, granting Tijani's writ of habeas corpus, is

6    inconsistent with respondents' argument detention during an alien's appeal is "voluntary."

7            This Court therefore agrees with the other district courts which have included time

8    detained pending judicial review in assessing the reasonableness of a prolonged detention.[7]  This

9    approach is consistent with the Supreme Court's decision in <u>Kim</u>.  In that case, the Court placed

10   great weight on the expedient nature of removal proceedings in holding detention during that

11   "brief period" was permissible without a showing of dangerousness or flight risk.  538 U.S. at 529.

12   Judicial appeals, whether undertaken by the detainee or the government, necessarily prolong

13   detention past the "brief period" approved by <u>Kim</u>.[8]

14           The district courts which have disregarded appellate time in assessing the reasonableness

15   _____

16   'detention by default' as it was in <u>Tijani</u>.").

17           [6]As Judge Hayes wrote in <u>Mustanich</u>:
             Whether detention pending judicial review can be considered in assessing the reasonableness of an

18           alien's mandatory detention pursuant to 8 U.S.C. § 1226(c), and if so, how it should be considered, is
             a question that has not been explicitly addressed by either the United States Supreme Court of the Court

19           of Appeals for the Ninth Circuit.  However, the Court of Appeals for the Ninth Circuit referenced the
             period of judicial review which had elapsed and that which was yet to come in support of its holding in

20           <u>Tijani</u> that the alien's removal proceedings were not expeditious, and it is apparent that the <u>Tijani</u> Court
             included at least some time which accrued during judicial review in its conclusion that the petitioner had
             been detained for two years and four months.

21   2007 WL 2819732 at *9 (internal citations omitted); <u>but see</u> Mboussi-Ona, 2007 WL 3026946 at *4 ("[A]lthough the court

22   mentioned the length of Tijani's judicial appeal, that fact was not encompassed within an articulated rationale of the court"
     because the administrative time predominated.).

23           [7]<u>See, e.g.</u>, <u>Martinez v. Gonzalez</u>, 504 F. Supp. 2d 887, 897 (C.D. Cal. 2007) (rejecting argument time detained

24   during judicial appeals does not count toward the reasonableness of a lengthy detention); <u>Mustanich</u>, 2007 WL 2819732
     at *8 ("After reviewing the relevant case law, and particularly <u>Tijani</u>, the Court concludes that it can and must consider

25   periods of detention which accrue pending judicial review in determining whether removal proceedings and detention
     pursuant to 8 U.S.C. § 1226(c) are expeditious and reasonable."); <u>Ali v. Crawford</u>, No. CV 06-01149 PHX-EHC, 2007

26   WL 1670165 at *4 (D. Ariz. June 8, 2007) (holding where petitioner contested removability, prolonged detention violated
     <u>Tijani</u> even if not due to the unreasonable delay of the INS); <u>Yoon v. Crawford</u>, No. CIV 06-3068 PHX-SMM (MHB),

27   2007 WL 4609573 at *4 (D. Ariz. Aug. 22, 2007) (recommending the district court apply <u>Tijani</u> despite the majority of
     the detention being attributable to Ninth Circuit appeal) (adopted by the district court in 2008 WL 45405 (Jan. 02, 2008)).

28           [8]As in <u>Tijani</u>, and unlike in <u>Kim</u>, petitioner's Ninth Circuit appeal contests deportability.  <u>Tijani</u> found this a
     persuasive distinction.  430 F.3d at 1242.

1    of prolonged detention were concerned with the potential for dilatory tactics and frivolous appeals

2    by detainees.  E.g. Mboussi-Ona v. Crawford, No. CV 06-2897 PHX-NVW, 2007 WL 3026946 at

3    *5 (D. Ariz. Sept. 27, 2007) (stating if appellate time counted, "merely by seeking judicial review,

4    every alien found removable would be entitled to an individualized bond hearing and possible

5    release").  But these concerns do not require the Court to disregard detention during judicial

6    review.  Instead, "[a] court must 'be sensitive to the possibility' that a removable alien may engage

7    in 'dilatory tactics' in order to 'compel a determination' that his detention was unreasonably long."

8    Martinez v. Gonzalez, 504 F. Supp. 2d 887, 898 (C.D. Cal. 2007) (internal citations omitted); see

9    also Mustanich, 2007 WL 2819732 at *9.  Circuit Judge Tashima, concurring in Tijani, would

10   require a detainee's appeal to raise a "substantial argument" in order for detention during judicial

11   review to be included in assessing reasonableness.  430 F.3d at 1247.

12         Here, respondents do not argue petitioner's appeal is without merit.  See Martinez, 504 F.

13   Supp. 2d at 899.  Petitioner's appeal relies on a Second Circuit decision, Blake v. Carbone, 489

14   F.3d 88 (2d Cir. 2007), which conflicts with the Ninth Circuit's decision in Abebe v. Gonzales.  In

15   Abebe, Circuit Judge Berzon wrote a concurring opinion agreeing with the Second Circuit's

16   decision in Blake and urging reconsideration of the case.  493 F.3d 1092, 1106 (Berzon, C.J.,

17   concurring).  The Ninth Circuit has voted to rehear Abebe en banc.  Thus petitioner's appeal has

18   raised a "substantial question," and resolution of his appeal is likely to take up to a year while the

19   court reviews Abebe and its decision in petitioner's case.  See Tijani, 430 F.3d at 1242

20   (anticipating another year of litigation at the Ninth Circuit).  The length of petitioner's detention

21   during appeal is attributable to the complexity of the issues he has raised, not dilatory tactics on

22   the part of petitioner or the government.

23         The Court thus concludes detaining petitioner for two and a half years without showing he

24   is a flight risk or a danger to the community is unreasonable and not statutorily authorized by

25   1226(c).  Cf. Tijani, 430 F.3d at 1242 (finding two years and eight months unreasonable);

26   Zadvydas, 533 U.S. at 701 (finding six months presumably reasonable); Kim, 538 U.S. at 529

27   (finding six months reasonable).

28   //

### Remedy

Petitioner requests he be released, or, in the alternative, given a release hearing to evaluate his eligibility for supervision "under appropriate conditions." (Petition at 9.) The Ninth Circuit in Tijani remanded the case to the district court:

> with directions to grant the writ unless the government within 60 days of this order provides a hearing to Tijani before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

430 F.3d at 1242. In Mustanich, Judge Hayes also found it appropriate to grant the petitioner a bail hearing before an Immigration Judge within ten days. 2007 WL 2819732 at *8. A bail hearing will give respondents an opportunity to assess whether petitioner's continued detention is justified.

Respondents argue immigration judges lose jurisdiction over bond decisions after the end of administrative proceedings, citing 8 C.F.R. § 1003.19(a). Under that section, "[c]ustody and bond determinations . . . may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236." Section 1003.19(c)(1) states applications by a detainee for review of a bond determination shall be made to "the Immigration Court having jurisdiction over the place of detention." Respondents have cited no authority which states or implies an immigration judge would not have jurisdiction to review the custody determination in petitioner's case, and the Court's independent review found no support for respondents' position.[9]

//

//

//

//

//

//

---

[9] The cases indicate an immigration judge can hold such a hearing. Without addressing the immigration judge's authority, the Ninth Circuit ordered a bond hearing in Tijani, after the administrative proceedings had ended. In Mustanich, Judge Hayes ordered a bail bond hearing for a detainee held pending Ninth Circuit review. According to later submissions by the petitioner, that bond hearing was held within ten days. (Motion to Alter Judgment by Jess Mustanich, Doc. No. 7, Case No. 07cv1100.)

CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART the petition for writ of habeas corpus.  Respondents are ORDERED to provide petitioner a hearing within thirty days of this order before an immigration judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

**IT IS SO ORDERED.**

**DATED:  February 12, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

07CV1414